**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01962-001-TUC-RM (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Jorge Alberto Coronado-Vejar, | |
| Defendant. | |

On January 27, 2020, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") (Doc. 48) recommending that this Court grant Defendant's Motion to Dismiss Indictment (Doc. 20). The Government filed an Objection (Doc. 58) and Defendant responded (Doc. 62). The Court will dismiss the indictment with prejudice.

**I.    Background**

Defendant was indicted on July 24, 2019 on charges of conspiracy, possession, and importation of 22.34 kilograms of heroin and 11.9 kilograms of cocaine. (Docs. 14, 16.) At a detention hearing on July 12, 2020, Magistrate Judge Bruce G. Macdonald ordered Defendant released with conditions upon finding that Defendant did not pose a flight risk or a danger to the community. (Docs. 11, 12.) Soon thereafter, Immigration and Customs Enforcement ("ICE") took Defendant into custody on a previously lodged immigration detainer for removal proceedings. On August 27, 2019, Defendant filed the pending Motion

to Dismiss Indictment, arguing that his simultaneous criminal prosecution and immigration removal proceedings based on the same charges and evidence violated his Fifth Amendment rights and that the Court should dismiss the indictment pursuant to its supervisory powers. (Doc. 20.) The Government responded. (Doc. 26.) Oral argument was held before Magistrate Judge Bruce G. Macdonald on October 23, 2019 (Doc. 32) and November 5, 2019 (Doc. 41). After oral argument, but before Judge Macdonald issued the R&R, Defendant was deported to Mexico. (See Docs. 46, 47.) The transcript of the removal proceedings indicates that Defendant, without consulting with immigration counsel, appeared before an immigration judge, did not fight the deportation, and waived his right to appeal. (Doc. 47.)

On January 27, 2020, Magistrate Judge Macdonald issued an R&R recommending that this Court dismiss the indictment with prejudice. (Doc. 48.) The R&R declined to reach Defendant's Fifth Amendment argument but found that his deportation constituted a violation of his Sixth Amendment right to counsel. (*Id*. at 6-7.) The R&R found that Defendant's "inability to participate in his defense is a direct result" of the Government's actions and that this inability "warrants dismissal of the indictment pursuant to the Court's supervisory powers." (*Id*. at 7.)

## II.     Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

## III.    Applicable Law and Discussion

The Government filed a 33-page Objection to the R&R (Doc. 58), as well as a Notice of Supplemental Authority (Doc. 59), and Defendant responded (Doc. 62.) The Objection makes three primary contentions: (1) a defendant's release order under the Bail

Reform Act ("BRA") does not preclude his detention or removal under the Immigration and Nationality Act ("INA"); (2) Defendant's Sixth Amendment right to counsel has not been violated; and (3) dismissal of the indictment, especially with prejudice, is not warranted. (Doc. 58.)

### A. The Lawfulness of Defendant's Detention in ICE Custody is Moot

First, the Government contends that the weight of Circuit Court authority holds that a defendant's release order under the BRA does not preclude the Department of Homeland Security ("DHS") from detaining or removing him or her. (Doc. 58 at 7-13); *United States v. Pacheco-Poo*, 952 F.3d 950, 952 (8th Cir. 2020) (defendant's argument that a BRA release order precludes removal under the INA is "wrong"); *United States v. Lett*, 944 F.3d 467, 470 (2d Cir. 2019) ("the BRA does not preclude the government from exercising its independent detention authority under the INA"); *United States v. Soriano Nunez*, 928 F.3d 240, 245 (3d Cir.), *cert. denied*, 140 S. Ct. 526 (2019) (agreeing with the Second, Sixth, and D.C. Circuits that pre-trial release does not preclude pre-removal detention and that the BRA and the INA do not conflict); *United States v. Vasquez-Benitez*, 919 F.3d 546, 552 (D.C. Cir. 2019) ("Detention of a criminal defendant pending trial pursuant to the BRA and detention of a removable alien pursuant to the INA are separate functions that serve separate purposes and are performed by different authorities."); *United States v. Veloz-Alonso*, 910 F.3d 266, 270 (6th Cir. 2018) ("ICE may fulfill its statutory duties under the INA to detain an illegal alien pending trial or sentencing regardless of a BRA release determination.")

The parties agree that Defendant is no longer detained and has been deported to his home country of Mexico. Because Defendant has been deported and is no longer detained, the Court declines to reach the lawfulness of his prior detention in ICE custody.

### B. Defendant's Deportation Violates his Sixth Amendment Right to Counsel

Second, the Government contends that there is no violation of Defendant's constitutional rights under the Fifth[1] or Sixth Amendments. (Doc. 58 at 24.) The

---

[1] As the Court finds that dismissal is warranted based on violation of Defendant's Sixth Amendment rights, it does not reach Defendant's arguments concerning alleged violation

1    Government contends that defense counsel never established a Sixth Amendment violation
2    by showing, for example, that he was unable to communicate with Defendant or that
3    Defendant was unable to participate in his defense. (*Id*. at 24-5.) Defendant's Response to
4    the Objection argues that his Sixth Amendment right to counsel has been violated. (Doc.
5    62.) Defense counsel contends that he was unable to meet with Defendant due to a lack of
6    time to attempt visits at the detention center in Eloy, AZ where Defendant was in ICE
7    custody. (*Id*. at 7.) Defense counsel states that the Defendant was unable to call him from
8    ICE custody. (*Id*.) After Defendant was deported, defense counsel spoke to him over the
9    phone, but the connection was poor, and it was difficult to communicate. (*Id*.) Without the
10   ability to speak with Defendant, defense counsel states that he was unable to investigate
11   Defendant's case or to assess the viability of defenses. (*Id*.) Defendant contends that his
12   removal from the country has interfered with his Sixth Amendment right to consult with
13   counsel, to review the evidence against him, and to prepare a defense to the charge. (*Id*. at
14   8); *see United States v. Resendiz-Guevara*, 145 F. Supp. 3d 1128, 1138 (M.D. Fla. 2015)
15   (Defendant's deportation presented a clear challenge to his ability to consult with counsel,
16   to review the evidence against him and to prepare a defense).

17          Defendant has a Sixth Amendment right to "consult with counsel, to review the
18   evidence against him[,] and to prepare a defense to the charge." *Resendiz-Guevara*, 145 F.
19   Supp. 3d at 1138. The fact that ICE has the authority to remove a defendant "does not
20   necessarily mean that ICE may do so without consequence in the defendant's criminal
21   prosecution[.]" *United States v. Munoz-Garcia*, Case No. 19-01670-TUC-JGZ(EJM), 2020
22   WL 1929204, at *2 (D. Ariz. Apr. 21, 2020). "[I]t is not the prerogative of the prosecution
23   or ICE to dictate how Defendant is able to consult with his attorney." *United States v. Lutz*,
24   Case No. 19-00692-TUC-RM(BGM), 2019 WL 5892827, at *5 (D. Ariz. Nov. 12, 2019).
25   Defense counsel states that he attempted to communicate with Defendant via telephone
26   before and after his removal to Mexico but was unable to do so. Thus, Defendant's
27   deportation has interfered with his ability to communicate with defense counsel. This is a
28

---

of his Fifth Amendment rights.

- 4 -

clear violation of Defendant's Sixth Amendment right to counsel. *See also Howell*, 231 F.3d at 621 (district court may consider evidence presented for the first time in a party's objection to a R&R).

### C. Dismissal of the Indictment with Prejudice is the Appropriate Remedy

The Government contends that, even if it did violate Defendant's Sixth Amendment right to counsel by deporting him during the pendency of his criminal case, dismissal of the indictment is not the proper remedy. (Doc. 58 at 30.) The Government asserts that the remedy for a violation of the Sixth Amendment right to counsel "should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." (*Id.*) The Government argues that Defendant has not shown "demonstrable prejudice" to warrant dismissal. (*Id.* at 31.) It further argues that Defendant has not shown the "actual prejudice" or "extreme" or "extraordinary" circumstances that are typically required to dismiss. (*Id.* at 31-33.) Finally, the Government argues that a "lesser remedial action" is available, namely, dismissal of the indictment without prejudice. (*Id.* at 30-1.)

A district court may dismiss an indictment under its supervisory powers for three reasons: (1) to remedy a constitutional or statutory violation; (2) to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or (3) to deter future illegal conduct. *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). Dismissal is appropriate when "the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available." *Id.* at 1092. If ICE jeopardizes a district court's ability to try a defendant by removing him, "the district court may craft an appropriate remedy." *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015).

"Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *United States v. Morrison*, 449 U.S. 361, 364 (1981). The constitutional infringement must have "some adverse effect upon the

effectiveness of counsel's representation or [produce] some other prejudice to the defense." *Id.* at 365. "One of the three traditional ways to show prejudice is by demonstrating that the defense was impaired." *United States v. Corona-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007).

The Court finds that dismissal of the indictment is appropriate because the Government has violated Defendant's Sixth Amendment right to counsel by deporting him during the pendency of his criminal proceedings, and no lesser remedial action can remedy the violation. As Defendant is unable to prepare a defense to the charges without being able to communicate with defense counsel, Defendant has shown substantial and actual prejudice resulting from his deportation. The Court adopts the R&R's recommendation for dismissal with prejudice because Defendant's deportation has "disadvantaged [him] in preparing a defense in [his] case, jeopardizing this Court's ability to fairly try [him]." *United States v. Munoz-Garcia*, No. 4:19-cr-01670-JGZ (EJM), at \*7 (D. Ariz. Apr. 21, 2020), *as amended* (dismissing indictment with prejudice).

The Court also finds that dismissal with prejudice is appropriate "[i]n order to promote respect for the BRA and to deter ICE and the U.S. Attorney's Office from continuing to engage in turf battles in lieu of inter-agency cooperation." *United States v. Lutz*, 2019 WL 5892827, at \*5 (D. Ariz. Nov. 12, 2019). In this and other cases, ICE has initially chosen to prioritize a defendant's criminal prosecution over his immediate removal but then reversed course when faced with a lawful release order under the BRA. As this Court explained in *Lutz*, this course reversal is not necessary or required; it represents a choice. And "[t]he fact that ICE will not agree or cannot be trusted to delay deportation— that separate agencies within the Executive Branch do not communicate and cooperate— cannot serve to deprive a defendant of his rights" under the Constitution. *United States v. Argueta-Espinoza*, No. 4:18MJ3133, 2018 WL 4492226, at \*2 (D. Neb. Sept. 19, 2018).

The Court has reviewed Judge Bruce G. Macdonald's Report and Recommendation, the parties' briefs, and the record. The Court finds that dismissal of the indictment with prejudice is the proper remedy for the violation of Defendant's Sixth Amendment right to

counsel.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 48) is **accepted and adopted**, as set forth above.

**IT IS FURTHER ORDERED** that the Government's Objection (Doc. 58) is **overruled**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment (Doc. 20) is **granted**. The indictment is **dismissed with prejudice**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 28th day of May, 2020.

_____
Honorable Rosemary Márquez
United States District Judge

copy: USM; Pretrial Services