**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01962-001-TUC-RM (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Jorge Alberto Coronado-Vejar, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Reconsider Order Dismissing with Prejudice. (Doc. 64.) Plaintiff moves the Court to reconsider its prior Order dismissing the indictment with prejudice and instead to dismiss the indictment without prejudice. (*Id*.) The Government contends that dismissal without prejudice will adequately remedy the Sixth Amendment concerns and is a "lesser remedial action" pursuant to *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991). (*Id*.) The Government further states that if the defendant were to become available and the charges refiled, the issue of potential prejudice could be revisited at that time. (*Id*.)

Defendant opposes reconsideration of the dismissal with prejudice. (Doc. 66.) Defendant argues that he suffered "substantial prejudice" as a result of the Sixth Amendment violation stemming from his deportation, and that no lesser remedial action is available to remedy that prejudice. (*Id*.) Defendant further contends that dismissal with

prejudice is appropriate to deter the Government from continuing to engage in the "ongoing, prejudicial, and repetitive" practice in this district of deporting criminal defendants during the pendency of their criminal proceedings. (*Id.*)

In reply, the Government argues that Defendant has not disputed that the Sixth Amendment violation would effectively be cured by dismissal without prejudice and therefore concedes that issue. (Doc. 67.) The Government further argues that there has been no "misconduct or bad faith" on the part of the Government that would potentially warrant dismissal with prejudice. (*Id.*); *see also United States v. Perez-Canez*, No. CR-18-00229-PHX-JJT, at 5 (D. Ariz. Mar. 2, 2020) (dismissing indictment without prejudice after defendant's removal, where the government offered to parole in defendant and there was no bad faith). The Government contends that its position that Defendant could be prosecuted after his removal was "not unreasonable" and the Court's disagreement with that position did not mean the Government acted in bad faith. (*Id.*) The Government states that Defendant "has failed to show why he should receive the windfall of never facing prosecution" for these charges if he becomes available in the future. (*Id.*)

Local Rule of Civil Procedure 7.2(g), which governs motions for reconsideration, provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

In the District of Arizona, motions for reconsideration will be granted when:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;

(2) There are new material facts that happened after the Court's decision;

(3) There has been a change in the law that was decided or enacted after the Court's decision; or

(4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003). "Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Whether to grant reconsideration is within the sound discretion of the trial court, *id.*, and a denial of a motion for reconsideration is reviewed for abuse of that discretion, *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

The Court agrees with the Government that reconsideration is necessary to prevent injustice. Dismissal without prejudice is a "lesser remedial action" that will end the case. Should Defendant become available and be prosecuted on these charges in the future, the parties will be free to raise arguments related to the prejudice that resulted to Defendant from deportation during his criminal case and his subsequent inability to adequately communicate with his counsel. The Court further finds that, at this time, dismissal without prejudice is an adequate deterrent to the Government's ongoing practice in this District of deporting criminal defendants during their criminal proceedings.

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

- 3 -

1      **IT IS ORDERED** that the Motion for Reconsideration of Dismissal with

2    Prejudice (Doc. 64) is **granted**. The Court's May 28, 2020 Order (Doc. 63) is modified to

3    dismiss the indictment **without prejudice**.

4      Dated this 27th day of July, 2020.

_____
Honorable Rosemary Márquez
United States District Judge